UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYRA LATRESE GATES,                         No. 15-14087

        Plaintiff,                      District Judge Marianne O. Battani

v.                                          Magistrate Judge R. Steven Whalen

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
                                      /

**REPORT AND RECOMMENDATION**

      This is a Social Security Disability case. On November 20, 2015, Plaintiff Tyra Latrese Gates filed a complaint under 42 U.S.C. 405(g), challenging the Defendant Commissioner's denial of her claim for Supplemental Security Income ("SSI") disability benefits under Title XVI of the Social Security Act. Before the Court are Defendant's motion to remand [Doc. #24] and Plaintiff's motion for summary judgment [Doc. #17], which have been referred for a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that Defendant's motion to remand be GRANTED. I further recommend that Plaintiff's motion for summary judgment [Doc. #17] be GRANTED IN PART AND DENIED IN PART, specifically that it be DENIED insofar as Plaintiff requests a remand for an award of benefits, and GRANTED to the extent that it seeks a remand for further administrative proceedings.[1]

---

[1] A remand for further proceedings under Sentence Four of 42 U.S.C. § 405(g) necessitates entry of judgment. Sentence four provides that "[t]he Court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." Thus, a sentence four remand which does not grant benefits, but orders further administrative proceedings, must be done in conjunction with a final judgment. *See Shalala v. Schaefer*, 509 S.Ct. 292, 303

I.    BACKGROUND

Plaintiff applied for SSI disability benefits on August 16, 2012, claiming disability as of August 1, 1992 (Tr. 109-117). On April 25, 2014, the ALJ issued a decision finding that Plaintiff was not disabled, and denying benefits (Tr. 15-33). The Appeals Counsel denied review on September 16, 2015 (Tr. 1-4).

Plaintiff claimed disability as the result of bipolar disorder, learning disability, and depression (Tr. 132, 143, 148). An administrative hearing was held on February 27, 2014, in Mt. Pleasant, Michigan, before Administrative Law Judge ("ALJ") Kathleen H. Eiler. ALJ Eiler issued a written decision denying benefits on April 25, 2014.

At Step Two of the sequential analysis, ALJ Eiler found that Plaintiff had the severe impairments of migraine headaches, obesity, borderline intellectual functioning, affective disorder, personality disorder, and cannabis abuse (Tr. 20). The ALJ further found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." *Id*. More specifically, the ALJ considered Listing 12.05 (intellectual disability). She found that Plaintiff did not meet the "paragraph B" criteria because Plaintiff did not have "marked" restrictions activities of daily living; maintaining social functioning; or difficulties in maintaining concentration, persistence, or pace, and did not suffer repeated episodes of decompensation (Tr. 21). The ALJ found that Plaintiff had mild restrictions in activities of daily living; moderate difficulties in social functioning; and moderate difficulties with regard to concentration, persistence, or pace. *Id*.

---

(1993) (a sentence four remand requires entry of judgment); *Melkonyan v. Sullivan,* 501 U.S. 89, 101-02 (1991) (a final judgment must accompany a sentence four remand order).

The ALJ also found that the "paragraph B" criteria were not met because "the claimant does not have a valid verbal, performance, or full scale IQ of 59 or less" (Tr. 23). She noted that in May of 2003, Plaintiff was given a performance IQ score of 58, but discounted that score because "the examiner noted that the claimant performed in the average range" (Tr. 23).[2] In addition, the ALJ noted that in July of 2009, Dr. Michael Brady, Ph.D., administered a test that gave Plaintiff a verbal IQ score of 56, a performance IQ score of 54, and a full-scale IQ score of 51. *Id*. However, the ALJ discounted these scores:

> "However, these IQ scores are not valid. Dr. Brady stated that it was 'quite obvious' that the claimant intentionally failed many items.Dr. Brady tested the claimant's limits after the examination and the claimant was able to do much more than she was willing to demonstrate initially. Dr. Brady further stated that the claimant's scores were not a valid indicator of her current intellectual functioning." (Tr. 23).

The ALJ also found that Plaintiff did not meet the "paragraph C" criteria of Listing 12.05 because she did "not have a valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function" (Tr. 23).

In making her findings regarding Listing 12.05, the ALJ did not discuss whether Plaintiff demonstrated subaverage intellectual functioning, with onset before the age of 22, and whether Plaintiff had adaptive-skills limitations. Based on this omission, the Commissioner has filed a motion to remand for further administrative proceedings. The Plaintiff, who requested such remand as alternative relief in her summary judgment motion, opposes the Commissioner's motion and seeks instead to have the case remanded for an award of benefits.

---

[2] The May, 2003 examination was performed by David R. Comtois, a school psychologist (Tr. 215-218).

## II.   STANDARD OF REVIEW

The district court reviews the final decision of the Commissioner to determine whether it is supported by substantial evidence.  42 U.S.C. §405(g); *Sherrill v. Secretary of Health and Human Services,* 757 F.2d 803, 804 (6th Cir.  1985).  Substantial evidence is more than a scintilla but less that a preponderance.  It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (*quoting Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, S. Ct. 206, 83 L.Ed.126 (1938)). The standard of review is deferential and  "presupposes that there is a 'zone of choice' within which decision makers can go either way, without interference from the courts." *Mullen v. Bowen,*  800 F.2d 535, 545 (6th Cir.  1986)(en banc).  In determining whether the evidence is substantial, the court must "take into account whatever in the record fairly detracts from its weight." *Wages v. Secretary of Health & Human Services*, 755 F.2d 495, 497 (6th Cir. 1985). The court must examine the administrative record as a whole, and may look to any evidence in the record, regardless of whether it has been cited by the ALJ. *Walker v. Secretary of Health and Human Services*, 884 F.2d 241, 245 (6th Cir. 1989).

## III.   FRAMEWORK FOR DISABILITY DETERMINATIONS

Disability is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §423(d)(1)(A). In evaluating whether a claimant is disabled, the Commissioner is to consider, in sequence, whether the claimant: 1) worked during the alleged period of disability; 2) has a severe impairment; 3) has an impairment that meets or equals the requirements of an impairment

listed in the regulations; 4) can return to past relevant work; and 5) if not, whether he or she can perform other work in the national economy. 20 C.F.R. §416.920(a). The Plaintiff has the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five to demonstrate that, "notwithstanding the claimant's impairment, he retains the residual functional capacity to perform specific jobs existing in the national economy." *Richardson v. Secretary of Health & Human Services,* 735 F.2d 962, 964 (6th Cir.1984).

## IV.   DISCUSSION

The single issue raised in this appeal is whether the ALJ erred in finding the Plaintiff not disabled under Listing 12.05. "A finding of 'disabled' will be made at the third step if the claimant can ... demonstrate that her impairment meets the durational requirement and 'meets or equals a listed impairment.' " *Foster v. Halter*, 279 F.3d 348, 355 (6th Cir.2001) (citing 20 C.F.R. § 404.1520(d)). To establish disability as a result of an intellectual disability, "a claimant must demonstrate three factors to satisfy the diagnostic description: (1) sub-average intellectual functioning; (2) onset before age twenty-two; and (3) adaptive-skills limitations." *Hayes v. Commissioner of Social Sec.,* 357 Fed.Appx. 672, 675, (6th Cir. 2009).[3] "Beyond these three factors, a claimant also must satisfy 'any one of the four sets of criteria'" (A, B, C, or D) in Listing 12.05. *Id*.; *Foster,* at 354–355.[4] In other words, an ALJ is charged under Listing 12.05 with making a preliminary finding whether a

---

[3] To establish deficits in "adaptive functioning", a claimant must show limitations in two of the following areas: "communication, self-care, home living, social/interpersonal skills, use of community resources, self-direction, functional academic skills, work, leisure, health, and safety." *Hayes* at 677 (citing *DSM–IV–TR* at 49).

[4] The salient issue in this case is whether Plaintiff meets "paragraph B" of Listing 12.05. Plaintiff's argument that she also meets "paragraph C" is without merit. That section requires a verbal, performance, or full scale IQ of 60 through 70. The Plaintiff's scores were all either below 60 or above 70. The ALJ correctly found that there were no reported scores between 60 and 70 (Tr. 23).

claimant meets the three threshold factors before moving on to an examination of the specific A, B, C, or D criteria. *VanRheen v. Comm'r of Soc. Sec.*, 2015 WL 1510823, *3-4 (E.D. Mich. 2015)(Michelson, J.); *Hutchison v. Comm'r of Soc. Sec.*, 2013 WL 4604561 (E.D. Mich. 2013)(Murphy, J.).

In this case, the Commissioner, citing *Hutchison*, contends that "[b]ecause the ALJ did not address whether Plaintiff suffered the requisite deficits in adaptive functioning, this Court cannot assess whether substantial evidence supports the step three finding and must remand the case for consideration of that issue." *Defendant's Brief in Support of Motion to Remand* [Doc. #24], at 4. I agree. A remand for benefits is appropriate only where "all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Secretary of Health and Human Services,* 17 F.3d 171, 176 (6th Cir.1994). This record does not support the inference that the ALJ implicitly found the Plaintiff had sufficiently severe deficits in adaptive functioning. Similarly to the situation in *VanRheen*, there is at least some evidence that Plaintiff does *not* suffer such deficits: she attends to her personal care (Tr. 156), uses a microwave oven (Tr. 145, 157), shops (Tr. 146, 156), uses public transportation (Tr. 47, 158), and reads and works on puzzles (Tr. 147, 159). Conversely, these facts do not show an implicit finding that Plaintiff *lacks* the requisite deficits in adaptive functioning; the point is that it is up to the ALJ, not this Court, to make that determination in the first instance. *VanRheen*, at *4 (proper course is "to remand the case to the ALJ for further review and explicit findings as to whether VanRheen meets the threshold requirements for listing 12.05...."); *Hutchinson,* at *14 (court "cannot assess whether a finding that plaintiff does not meet the introductory paragraph [of 12.05] is supported by substantial evidence because there is no finding by the ALJ on this issue"); *Hornbuckle v. Comm'r of Soc. Sec.*, 2014 WL 1510823, *10 (E.D. Mich. 2014) (Grand,

MJ)(where ALJ failed to address whether claimant met the threshold factor of deficits in adaptive functioning, it was "simply not for this Court to conduct such an analysis in the first place.").

Therefore, while Plaintiff is not entitled to a remand for an award of benefits, she is entitled to the alternative relief she seeks in her summary judgment motion, and the relief to which the Commissioner agrees in the motion to remand.

## V.  CONCLUSION

I therefore recommend that Defendant's motion to remand [Doc. #24] be GRANTED.

I further recommend that Plaintiff's motion for summary judgment [Doc. #17] be GRANTED IN PART AND DENIED IN PART, specifically that it be DENIED insofar as Plaintiff requests a remand for an award of benefits, and GRANTED to the extent that it seeks a remand for further administrative proceedings.

I further recommend that on remand, the ALJ be instructed to (1) evaluate Listing 12.05(B), including the question of deficits in adaptive-functioning, and provide a rationale for her findings; (2) if necessary, call a medical expert to assist in determining if Plaintiff meets or equals any mental listing, including isting 12.05(B); and (3) obtain updated treatment records concerning Plaintiff's impairments, including learning disorder and cognitive and intellectual functioning, in order to complete the administrative record in accordance with 20 C.F.R. § § 416.912 and 416.913. The additional evidence should include, if necessaray, school records, a consultative mental examination with psychological testing specifically IQ testing), and a narrative report that accomanies the test results commenting on the validity of the IQ scores.

Any objections to this Report and Recommendation must be filed within 14 days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR

72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within 14 days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than 20 pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen
**HON. R. STEVEN WHALEN**
UNITED STATES MAGISTRATE JUDGE

DATED: November 1, 2016

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on November 1, 2016, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager to the
Honorable R. Steven Whalen