**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

TYRA LATRESE GATES,

      Plaintiff,

v.

      CASE NO. 2:15-cv-14087

COMMISSIONER OF SOCIAL
SECURITY,

      HON. MARIANNE O. BATTANI

      Defendant.

_____/

**OPINION AND ORDER OVERRULING PLAINTIFF'S
OBJECTIONS, ADOPTING THE REPORT AND RECOMMENDATION,
GRANTING DEFENDANT'S MOTION FOR REMAND, AND GRANTING IN PART
AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**I.     INTRODUCTION**

Before the Court are Plaintiff Tyra Latrese Gates' objections to the Magistrate Judge's Report & Recommendation ("R&R"). (Doc. 29). Magistrate Judge R. Steven Whalen considered Plaintiff's motion for summary judgment and Defendant's motion to remand, and on November 1, 2016, entered an R&R. (Doc. 28). In the R&R, Magistrate Judge Whalen recommended that the Court grant the Commissioner's motion to remand, and grant in part and deny in part Plaintiff's motion for summary judgment. For the reasons that follow, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the R&R, **GRANTS** the Commissioner's Motion to Remand (Doc. 24), and **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion for Summary Judgment, (Doc. 17). Specifically it is **DENIED** insofar as Plaintiff requests a remand for an award

of benefits, and **GRANTED** to the extent that it seeks a remand for further administrative proceedings.

## II. STATEMENT OF FACTS

As the parties have not objected to the R&R's summary of the facts and procedural history, the Court adopts that portion of the R&R. (See Doc. 28, pp. 2-3).

## III. STANDARD OF REVIEW

### A. Objections to a Magistrate Judge's R&R

A district court must conduct a *de novo* review of the portions of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge. Id. The requirement of *de novo* review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985). Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[ ] that the district judge would be the final arbiter" of a matter referred to a magistrate. Flournoy v. Marshall, 842 F.2d 875, 878 (6th Cir. 1987).

The Sixth Circuit has made clear that "[o]verly general objections do not satisfy the objection requirement." Spencer v. Bouchard, 449 F.3d 721, 725 (6th Cir. 2006). Only specific objections are entitled to *de novo* review; vague and conclusory objections amount to a complete failure to object as they are not sufficient to pinpoint those portions of the R&R that are legitimately in contention. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir.1986) (per curiam). "The objections must be clear enough to enable the

district court to discern those issues that are dispositive and contentious." Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." Spencer, 449 F.3d at 725 (quoting Miller, 50 F.3d at 380).

### B.  Standard of Review Applicable to Social Security Cases

This Court has jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made pursuant to proper legal standards. Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (internal quotation marks omitted). If the Commissioner's decision is supported by substantial evidence, "it must be affirmed even if the reviewing court would decide the matter differently and even if substantial evidence also supports the opposite conclusion." Cutlip v. Sec'y of Health & Human Servs., 25 F.3d 284, 286 (6th Cir. 1994) (internal citations omitted).

When reviewing the Commissioner's factual findings for substantial evidence, the Court is limited to an examination of the record and must consider that record as a whole. Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 683 (6th Cir. 1992). There is no requirement, however, that either the Commissioner or this Court discuss every piece of evidence in the administrative record. Kornecky v. Comm'r of Soc. Sec., 167 F. App'x 496, 508 (6th Cir. 2006). Further, this Court does "not try the case de

3

novo, resolve conflicts in evidence, or decide questions of credibility." Bass v. McMahon, 499 F.3d 506, 509 (6th Cir. 2007).

## IV. DISCUSSION

Gates brings two objections to the Magistrate Judge's R&R.  First, that the Magistrate Judge erred in finding that he is barred from making a factual finding as to Plaintiff meeting all of the requirements for disability under Defendant's Listing 12.05. (Doc. 29).  Second, that the Magistrate Judge's recommendation violated the Sixth Circuit's requirement that the Court direct Defendant to issue an award of benefits when no factual issue remains and the evidence establishes disability.  Id.

To establish disability as a result of an intellectual disability, "a claimant must demonstrate three factors to satisfy the diagnostic description: (1) sub-average intellectual functioning; (2) onset before age twenty-two; and (3) adaptive-skills limitations." Hayes v. Comm'r of Soc. Sec., 357 Fed. Appx. 672, 675, (6th Cir. 2009). To establish deficits in "adaptive functioning", a claimant must show limitations in two of the following areas: "communication, self-care, home living, social/interpersonal skills, use of community resources, self-direction, functional academic skills, work, leisure, health, and safety." Hayes at 677 (citation omitted).  "Beyond these three factors, a claimant also must satisfy 'any one of the four sets of criteria'" (A, B, C, or D) in Listing 12.05.  Id.; Foster v. Halter, 279 F.3d 348, 354-5 (6th Cir. 2001).  The Magistrate Judge noted that:

> [t]he salient issue in this case is whether Plaintiff meets 'paragraph B' of Listing 12.05.  Plaintiff's argument that she also meets 'paragraph C' is without merit.  That section requires a verbal, performance, or full scale IQ of 60 through 70.  The Plaintiff's scores were all either below 60 or above 70.  The ALJ correctly found that there were no reported scores between 60 and 70 (Tr. 23).

(Doc. 28 at 5 n.4).  In finding that remand for further proceeding is a more appropriate remedy, the Magistrate Judge stated:

> these facts do not show an implicit finding that Plaintiff lacks the requisite deficits in adaptive functioning; the point is that it is up to the ALJ, not this Court, to make that determination in the first instance.  VanRheen, at *4 (proper course is "to remand the case to the ALJ for further review and explicit findings as to whether VanRheen meets the threshold requirements for listing 12.05....");  Hutchinson, at *14 (court "cannot assess whether a finding that plaintiff does not meet the introductory paragraph [of 12.05] is supported by substantial evidence because there is no finding by the ALJ on this issue");  Hornbuckle v. Comm'r of Soc. Sec., 2014 WL 1510823, *10 (E.D. Mich. 2014) (Grand, -6- 2:15-cv-14087-MOB-RSW Doc # 28 Filed 11/01/16 Pg 6 of 8 Pg ID 584 MJ)(where ALJ failed to address whether claimant met the threshold factor of deficits in adaptive functioning, it was "simply not for this Court to conduct such an analysis in the first place.").

(Doc. 28 at 6).  The Court agrees.  A determination of whether Plaintiff satisfies the threshold factors of defects in adaptive functioning is more appropriate to be decided by an ALJ.

Plaintiff's objection to the Magistrate Judge's R&R on the grounds of violating Sixth Circuit requirements involves a determination that proof of disability is overwhelming or that proof of disability is strong and evidence to the contrary is lacking.  As this Court is remanding for a determination of adaptive functioning, it cannot be said that proof of disability is overwhelming or that proof of disability is strong and evidence to the contrary is lacking.  Instead, it can be said that not all essential factual issues have been resolved.  As such, remand, the alternative relief Plaintiff seeks in her summary judgment motion, and the relief to which the Commissioner agrees in the motion to remand, is the most appropriate rememdy.

**V.    CONCLUSION**

For the foregoing reasons, the Court **OVERRULES** Plaintiff's objections, (Doc. 29), **ADOPTS** the R&R (Doc. 28), **GRANTS** the Commissioner's Motion to Remand (Doc. 24), and **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion for Summary Judgment (Doc. 17).  Specifically it is **DENIED** insofar as Plaintiff requests a remand for an award of benefits, and **GRANTED** to the extent that it seeks a remand for further administrative proceedings. The case is hereby **REMANDED** to the Commissioner for further administrative proceedings.

**IT IS SO ORDERED.**

Date:   March 14, 2017                                    s/Marianne O. Battani
                                                                              MARIANNE O. BATTANI
                                                                              United States District Judge


<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on March 14, 2017.

                                                                              <u>s/ Kay Doaks      </u>
                                                                              Case Manager